Myers, J.
 

 Upon the threshold of the consideration of this cause we are met with the age-old maxim that he who seeks equity must do equity. This cause presents a question of equitable estoppel. The Torrens Land Registration Act is not a system designed to notify the owner himself of any liens or other encumbrances. Rather it is a system for notifying third parties. It is not claimed by defendants that these special assessments may be collected from innocent purchasers of the properties or even mortgagees thereof. It is conceded that since there was no compliance with Section 8572-56, General Code, the assessments could not be enforced against third parties.
 

 But what about these plaintiffs who signed the petitions and requested the city to make the improvements? The improvements requested were pavements laid in front of and for the benefit of their own prop
 
 *327
 
 erties. It was their act that caused the required legislation by the city to be set in motion. May they now come into a court of equity to ask that the cost of improving their property, their streets, be shifted to other taxpayers by reason of the failure of the clerk of council to perform a duty designed not for their benefit but for the, benefit of third parties — the world at large? Clearly not. To hold otherwise would be to misapply one of the most ancient and fundamental principles of equity. Much was stated in the brief of plaintiffs about whether any assessment liens were created or exist on their properties. Since the plaintiffs under equitable estoppel are not entitled to maintain this action, we are not called upon to determine that question.
 

 Plaintiffs cite the decision of this court in
 
 Curry et al., Bd. of Commrs.,
 
 v.
 
 Lybarger, County Rec.,
 
 133 Ohio St., 55, 11 N. E. (2d), 873. It need only be stated that there was no principle of equitable estoppel involved in that ease.
 

 The judgment of the Court of Appeals will be reversed and the judgment of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.