Williams, J.
 

 The decision in this cause turns on the question whether the plaintiff, as grantee, took title
 
 *540
 
 to the Torrenized lands subject to an equity arising out of the estoppel of the grantor by reason of the fact that the latter petitioned for the water and sewer improvements for which the lands were assessed.
 

 Section 8572-56, General Code (in force at the time of the improvements but repealed August 18,1937, 117 Ohio Laws, 480), required that in the assessment of lands registered under the Torrens Act, notice of assessment legislation and a list of lands assessed should be filed with the recorder and a memorial thereof noted by that officer on the register of each certificate of title. The section closed in these words: “Unless there is filed with the recorder such notice and list of lands, registered lands shall not be liable for such assessments. * #
 
 *”
 
 (103 Ohio Laws, 943.) This section was amended in 1933 (115 Ohio Laws, 447) by adding the provision that the notice or list of lands must be filed with the recorder “within ninety days after the passage or issuance of such ordinance, resolution or order.” However, this amendment does not apply to the facts of this case.
 

 In general registered lands are not liable for assessments made during the time this provision was in force when there has been a failure to file the required notice and list of lands with the recorder.
 
 Curry et al., Bd. of Commrs.,
 
 v.
 
 Lybarger, Recorder,
 
 133 Ohio St., 55, 11 N. E. (2d), 873. The grantor herein, however, by reason of having petitioned for the improvements was estopped from asserting such failure as a basis for an injunction against the collection of the assessments.
 
 Amrich
 
 v.
 
 Boyle, Treas.,
 
 136 Ohio St., 325, 25 N. E. (2d), 850. It thus appears that the right to subject the registered lands to payment of the assessments, if such right there is, arises not out of assessment liens, for none ever existed, but out of an estoppel, the nature and effect of which must be considered in relation to the issues presented and with respect to the rights of a subsequent grantee.
 

 
 *541
 
 We come, then, to the rights of the plaintiff who acquired the registered lands from a grantor that had petitioned for the improvements. It is a general rule that a purchaser, who in good faith acquires the legal title to lands for a valuable consideration without notice of an existing equity, takes title free from such equity.
 
 Anketel
 
 v.
 
 Converse,
 
 17 Ohio St., 11, 20, 91 Am. Dec., 115;
 
 Hennessy
 
 v.
 
 Blair,
 
 107 Tex., 39, 173 S. W., 871;
 
 Harper
 
 v.
 
 Bibb,
 
 34 Miss., 472;
 
 Hall
 
 v.
 
 Delaplaine,
 
 5 Wis., 206, 68 Am. Dec., 57;
 
 Perkins
 
 v.
 
 Hays,
 
 3 Tenn. (Cooke), 163, 5 Am. Dec., 680; 27 Ruling Case Law, 686, Section 451; 3 Pomeroy’s Equity Jurisprudence (5 Ed.), 19, 88, Sections 745, 767. Recording acts in some of the states have modified the doctrine to some extent as applied to deeds of conveyance; but no heed need be paid to the scope of general statutes covering the recording of deeds in this jurisdiction since the rights of the parties herein are governed by the Torrens Act.
 

 The plaintiff, herein, received a Torrens certificate of title at the time of purchase and it is therefore necessary to look to that act to discover what provision may be therein, fixing the rights of a purchaser who takes such a certificate as against assessments and outstanding equities in favor of third parties.
 

 On August 18, 1937, Section 8572-56, General Code, was repealed as above stated, and Sections 8572-25 and 8572-89, General Code, were so amended (117 Ohio Laws, 479, 480) that it is no longer necessary to memorialize assessments against registered lands “on the register of each certificate of title” in the office of the recorder in order to make such assessments valid.
 

 By the further terms of Section 8572-25, General Code, “every subsequent purchaser of registered land who takes a certificate of title for value and in good faith,” holds the same free from all estates and en
 
 *542
 
 cumbrances except those noted on the certificate and except taxes and assessments and other matters specifically enumerated. No excepted matter, however, involves a conflicting interest such as- would arise out of the estoppel of a vendor.
 

 As heretofore signified, unless the rule is changed by legislation, a
 
 bona fide
 
 purchase involves three elements, (1) a valuable consideration, (2) good faith and (3) absence of notice. 3 Pomeroy’s Equity Jurisprudence (5 Ed.), 19, Section 745. The statute (Section 8572-25, General Code), however, omits the third element. There is, of course, significance in this omission.
 
 Exp'ressio unius est exclusio alterius.
 
 So the presence of a valuable consideration and good faith are all-sufficient to constitute a
 
 bona fide
 
 purchase of registered lands. Conversely the absence of either or both of these two elements makes the purchase subject to an outstanding equity. Though notice in itself is not a factor in determining the
 
 bona fide
 
 character of a transaction, knowledge of a conflicting interest is, for the authorities acknowledge a fine distinction between notice and knowledge. 2 Pomeroy’s Equity Jurisprudence (5 Ed.), 603, Section 592. If the purchaser’s knowledge of extraneous facts relating to an outstanding equity imports bad faith he takes title subject to the equity.
 

 Did the estoppel of the grantor herein give rise to an equity which would enable the county treasurer to collect the duly listed and certified assessments by subjecting the registered lands thereto?
 

 The decision in
 
 Amrich
 
 v.
 
 Boyle, Treas., supra,
 
 does not afford a full answer to this particular question. By provision of Section 8572-56, General Code, failure to file the notice and list of lands does not relieve the landowner from personal liability for the assessments, if there is any such liability, but does expressly relieve the registered lands themselves from liability therefor.
 
 *543
 
 Logically the landowner is estopped from asserting the nonliability specified in the statute. Let us put it concretely, using the very wording of the statutory provision. The estoppel operates to prevent the petitioning landowners from asserting that the “registered lands shall not be liable for such assessments.”
 

 In the case at bar the landowner (plaintiff’s grantor) wanted these improvements and petitioned for them. Having brought them about with whatever value was added thereby it would have been inequitable for such petitioning owner to retain the lands so improved and at the same time successfully assert in a court of equity (if suit had been brought to charge the lands with the assessments) that the registered lands were not liable for the assessments by reason of the failure to memorialize them on the certificate of title.
 

 By the plain principles of equity the landowner is estopped from asserting such failure to defeat the collection of the assessments by subjecting the lands thereto. Therefore there was an existing equity arising out of the estoppel at the time plaintiff acquired the premises.
 

 Did the plaintiff fail to exercise good faith and therefore take subject to the equity?
 

 Plaintiff knew the improvements had been installed and also knew of the assessments, their listing on the tax lists and duplicates and their nonpayment for some time prior to acquiring the lands. The plaintiff did not have actual knowledge that its grantor had petitioned for the improvements or had participated in any way in procuring them, but could have known that the grantor petitioned for the improvements by consulting the record of the assessment legislation. Although
 
 Amrich
 
 v.
 
 Boyle, Treas., supra,
 
 which denied relief on the ground of estoppel had been decided months previously, plaintiff rested on information which was incomplete. Forbearance to seek the truth
 
 *544
 
 when in probability the truth is readily available has a valid bearing on good faith. Plaintiff closed its eyes to the real situátion and was willing to take title without ascertaining the all-important fact that the grantor had brought about the improvements by acts that were matters o.f public record. The information possessed would naturally suggest to a prospective purchaser the necessity of inquiry and investigation. If plaintiff saw fit to take its chances on the nature and effect of the proceedings by which the assessments were levied, why should equity grant protection now upon the theory that the course taken was pursued in good faith? In good conscience plaintiff is bound by the consequences of its grantor’s acts and took subject to the equity that arose from its grantor’s estoppel. Plaintiff therefore is not entitled to an injunction.
 

 The judgment of the Court of Appeals is reversed and final judgment entered in favor of the defendants.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner and Hart, JJ., concur.
 

 Bettman, J., not participating.