Turner, J.,
 

 dissenting. Plaintiffs in their respective cases came into a court of equity seeking equitable relief: It is fundamental that he who seeks equity must do equity. In these cases real estate owners are asking that the burden of paying for improvements to their respective properties shall be shifted to the general public because a public servant failed to discharge his cluty. There is no showing that the property owners were injured in any manner by the failure of the public official or anyone else.
 

 The Torrens Act requires notice but such notice is for the protection of prospective purchasers and lienors. There is no reason for notifying a property owner of an improvement completed on his own propertv.
 

 The improvements to plaintiffs ’ property were made under Sections 6602-1
 
 et seq.
 
 and 6602-17
 
 et seq.,
 
 General Code. It is not disputed that all of the steps out
 
 *558
 
 lined by the statutes were taken and created valid liens upon all the real estate affected which had not been registered under the act. If the plaintiffs had
 
 purchased
 
 their respective properties after these improvements had been made and there had been a failure to comply with the Torrens Act, I would readily agree that the liens could not be enforced against them. But where owners have stood by and allowed then-properties to be improved under statutory proceedings they should not be allowed to shift the burden of the cost of such improvements to the general public because of the omission of a clerk to do his duty. No injury accrued tó these owners. They had been given notice that the improvements would be made and that the cost thereof would become liens on their respective properties.
 

 What was said by Judge Myers in the case of
 
 Amrich
 
 v.
 
 Boyle, County Treas.,
 
 136 Ohio St., 325, 326, 25 N. E. (2d), 850, is applicable here, to wit:
 

 “Upon the threshold of the consideration of this cause we are met with the age-old maxim that he who seeks equity must do equity. This cause presents a question of equitable estoppel. The Torrens Land Registration Act is not a system designed to notify the owner himself of any liens or other encumbrances. Rather it is a system for notifying third parties. It is not claimed by defendants that these special assessments may be collected from innocent purchasers of the properties or even mortgagees thereof. It is conceded that since there was no compliance with Section 8572-56, General Code, the assessments could not be enforced against third parties.”
 

 In the
 
 Amrich case
 
 the property owners had signed the petition requesting the city to make the improvement which, of course, made a stronger case than the one at bar. But where one stands by and allows the improvements to be made and the procedure for creat
 
 *559
 
 ing liens on the benefited property is followed, we see no difference in principle.
 

 Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.