Weygandt, C. J.
This is another in the extended series of cases involving the Ohio Land Registration Act, also known as the Torrens Law, Section 8572-1 et seq., General Code.
This controversy relates to the validity of liens claimed by the defendants on the plaintiff’s property as the result of certain improvement assessments levied by the city in the years 1918, 1920, 1925, 1926, 1927 and 1931. At the time the assessing ordinances were adopted Section 8572-56, General Code, read in part as follows:
“* * * the clerk of the board or council passing such ordinance, resolution or order or issuing such certificate, shall file in the recorder’s office a notice of the passage or issuance thereof giving a list of the lands assessed, or to be assessed and a memorial thereof shall thereupon be noted by the recorder on the register of each certificate of title for such land. Unless there is filed with the recorder such notice and a list of lands, registered lands shall not be liable for such assessments.” (Italics supplied.)

The city for some unknown reason failed and neglected to file such notice or list.

*439 Thereby hangs this law suit.
It is not disputed that as long as these statutory provisions were in effect, there was no valid assessment lien on the property now owned by the plaintiff if compliance therewith was required.
In applying this statute, this court held as follows in the second paragraph of the syllabus in the case of Curry et al., Board of Commrs., v. Lybarger, Recorder, 133 Ohio St., 55, 11 N. E. (2d), 873:
“Under the provisions of Section 8572-56, General Code (prior to its repeal effective August 18, 1937), it was essential that a notice of the passage of an ordinance or resolution providing for a public improvement, the expense of which was to be levied on real estate, and a list of lands assessed or to be assessed be promptly filed with the county recorder as a prerequisite to the imposition of a valid assessment lien upon lands registered under the Torrens Act.”
However, as noted, this statute was repealed in 1937. In that year a reassessing ordinance was adopted by the city whereby the original assessments were re-spread and the time for payment was extended. Then in 1940 a second similar reassessment ordinance was adopted.
In neither 1937 nor 1940 did the city file a reassessment notice with the county recorder, and the plaintiff was without notice thereof.
The defendants contend that since Section 8572-56, General Code, had then been repealed, it was not necessary to file a notice of the reassessments with the county recorder in order to obtain a lien and that the reassessments cured the failure of the city to file a notice of the original assessments.
The plaintiff’s answer to this view is that since the actions of the city in 1937 and 1940 were simply attempts to respread and to postpone the maturity of the original assessments for which there was no valid *440 lien, there can be no extension of a lien that never existed.
This contention is supported by the following pertinent provisions of Section 2293-5l, General Code, of the Uniform Bond Act:
“Upon certification of the first installment of such reassessment for collection to the county auditor and to the county recorder when registered title is involved, the county auditor and also the county recorder in case of registered lands, shall cancel the installments of original assessments so reassessed against the lots or parcels on which the reassessment has been made and the interest and penalty thereon, as the same stand on the tax list and duplicate, and on the original certificate of title. ’ ’
How could the county recorder comply with the statutory mandate to “cancel the installments of original assessments so reassessed * * * as the same stand * * * on the original certificate of title ’ ’ in view of the fact that no memorial ever had been noted on the certificate? Apparently the General Assembly intended that only a validly created lien can be extended, and it provided the precise procedure therefor. That required procedure was not and could not be followed here.
The defendants rely likewise on the following general provisions of amended Section 5762, General Code, relating to forfeited land sales:
“When a tract of land has been duly forfeited to the state and sold agreeably to the provisions of this chapter, the conveyance of such real estate by the county auditor shall extinguish all previous title thereto and invest the purchaser with a new and perfect title, free from all liens and encumbrances, except taxes and installments of special assessments and reassessments not due at the time of such sale, and except such easements and covenants running with the *441 land as were created prior to the time the taxes or assessments, for the nonpayment of which the land was forfeited, became dne and payable.”
But in preserving “liens and encumbrances” it would seem that the General Assembly intended this provision to apply to valid liens and encumbrances. It surely did not intend to extend nonexistent liens and encumbrances. Furthermore, if these general provisions were construed otherwise, they would be in direct conflict with the specific requirement of the statute under which the original attempt was made to create the liens, namely, that “unless there is filed with the recorder such notice and a list of lands, registered lands shall not be liable for such assessments. ’ ’
However, the defendants insist that, even though the city failed and neglected to file the required notice with the county recorder, the plaintiff is estopped from contesting the validity of the liens on that ground, because of the conduct of the former owner of the land in petitioning for the improvements. Not to be outdone by the defendants on the theory of estoppel, the plaintiff contends that the defendants themselves are estopped from raising the defense of estoppel and waiver. This seems to inject considerable estoppel into one case. But the difficulty with the defendants’ contention is that the plaintiff is not in privity with the former owner. The plaintiff purchased the land not from the former owner but at the county auditor’s public sale of forfeited land, and it is not contended that estoppel applies against the state. The defendants rely on the decisions of this court in the cases of Amrich v. Boyle, Treas., 136 Ohio St., 325, 25 N. E. (2d), 850, and Shaker Corlett Land Co. v. City of Cleveland, 139 Ohio St., 536, 41 N. E. (2d), 243. The court did apply the principle of estoppel in both cases, but in the first case it was against the owner who petitioned for the improvements and in the second case it *442 was against the petitioning owner’s vendee — a situation vastly different from the instant case, since this plaintiff had no part in petitioning for the improvements, did not then own the land, and did not make his purchase from the petitioning owner. In the syllabus in the Shaker Corlett Land Co. case, supra, the pertinent holding of the court was as follows:
“1. Under Section 8572-56, General Code (repealed 117 Ohio Laws, 480), an owner of lands registered under the Torrens Act who does not petition for or otherwise participate in securing improvements thereon, is entitled to an injunction against the collection of a special assessment levied to pay the cost thereof, when there has been a failure to file notice of the assessment and list of assessed lands with the county recorder for memorialization upon the certificate of title.
“2. An owner of registered lands, who petitions for such improvements, is estopped from asserting failure to file such notice and list, as a basis for an injunction against the collection of an assessment levied therefor. (Amrich v. Boyle, Treas., 136 Ohio St., 325, approved and followed.) ”
In the instant case the court has before it no question concerning the liability of the petitioning owner. for the assessments and reassessments. Rather, this controversy involves the sole question of a lien on the land of the plaintiff purchaser who examined the certificate of title, found no record thereof and relied thereon.
The defendants contend also that there is another ground for applying the principle of estoppel against the plaintiff in the instant case. It is the auditor’s announcement of the conditions of the sale. This statement read in part that the land was to be sold “subject to the taxes for 1947 and to the lien for the unpaid installments of special assessments or reassessments for 1947 and future tax years, not yet due.” *443 But, in the first place, this reference undoubtedly was to valid liens, and, secondly, the statement itself contained the following further language:
“The above statement is merely a general explanation of the provisions of the statutes as applied to the 1947 forfeited land sale, and is not to be considered as a binding condition of sale in the cases of property registered under the Torrens Law so as to validate a lien for special assessments which otherwise would be held to be unenforceable under certain Supreme Court decisions already rendered.”
There is nothing in the auditor’s statement to indicate an attempt to extend a nonexistent lien.
Under these circumstances the decree of the Court of Common Pleas was correct, and the decree of the Court of Appeals in favor of the defendants must be reversed and a final judgment rendered for the plaintiff.

Judgment reversed.

Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.