Taft, J.,
dissenting. For the reasons stated in Adams v. Nibbor Realty Co., 93 N. E. (2d), 727, I believe the judgment of the Court of Appeals in the instant case should be affirmed. There are additional reasons why I believe that the plaintiff should not be granted the equitable relief which he seeks.
A substantial portion of the basis for forfeiture of these lands to the state was nonpayment of installments due with respect to the reassessments of 1940 here involved. By asserting the claim that these lands should be forfeited to the state on account of nonpayment of installments due with respect to the reassessments of 1940, the state definitely took the position that the reassessments of 1940 represented valid liens *444 against those lands. Certainly, the state should thereafter be estopped to contend that those reasssessments did not amount to valid liens. See Amrich v. Boyle, Treas., 136 Ohio St., 325, 25 N. E. (2d), 850.
Having taken such a position, the state then specified by statute that one who purchased those lands at a tax forfeiture sale should take them subject to installments of assessments and reassessments not due at the time of sale. Thus, Section 5762, General Code, effective at the time of the tax sales of these lands, read and now reads in part:
“When a tract of land has been duly forfeited to the state and sold agreeably to the provisions of this chapter, the conveyance of such real estate by the county auditor shall extinguish all previous title thereto and invest the purchaser with a new and perfect title, free from all liens and encumbrances, except taxes and installments of special assessments and reassessments not due at the time of such sale * * V’ (Emphasis added.)
Plaintiff’s rights are necessarily derived under that statute. He cannot seek advantages thereunder and, at the same time, avoid the burdens which the statute imposes on those who take advantage of its provisions.
Plaintiff, who claims under the state, is necessarily charged with notice of how the state acquired the rights which it transferred to plaintiff at the tax forfeiture sale. If the state is estopped to contest the validity of the 1940 reassessments, plaintiff should likewise be estopped. Shaker Corlett Land Co. v. City of Cleveland, 139 Ohio St., 536, 41 N. E. (2d), 243 (holding that a purchaser of registered land with knowledge of a lien, which his vendor is estopped to contest, is also estopped to contest such lien).
Furthermore, plaintiff did not secure from the state a registered title under the Torrens Act. In order to secure such a title, it was necessary for plaintiff, after *445 acquiring' rights from the state under Section 5762, General Code, to proceed under Section 8572-58, General Code, to secure a registered title under the Torrens Act. State, ex rel. Draper, v. Wilder, Recorder, 145 Ohio St., 447, 62 N. E. (2d), 156. When he did that, he necessarily had to claim title as against the prior registered owner. In doing that, he necessarily had to rely upon the right of the state to claim forfeiture of these lands for nonpayment of the unpaid installments due on the 1940 reassessments. Plaintiff himself, therefore, had to take the position that those reassessments created valid liens against the lands. Having taken that position to secure his registration certificate under the Torrens Act, he should certainly be estopped from taking the contrary position that the liens are invalid.
In addition, the Torrens Act, under which plaintiff got his certificate of title in pursuance of such decree of registration, specifically stated that he was to take that title subject to “assessments levied by * * * the state of Ohio or any taxing district of said state.” Section 8572-25, General Code. Therefore, when he took that title, he thereby estopped himself from denying the validity of the reassessments of 1940, collection of which he seeks to enjoin in this action.