ELECTRONIC CITATION:  2007 FED App. 0009P (6th Cir.)
File Name:  07b0009p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  DAVID MORGESON,<br>            TINA MORGESON,<br><br>            Debtors.<br>_____<br><br>HENRY MENNINGER, TRUSTEE,<br><br>            Plaintiff-Appellee,<br><br>            v.<br><br>ACCREDITED HOME LENDERS,<br><br>            Defendant-Appellant.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-8070 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Cincinnati.
Bankruptcy Case No. 04-15619; Adversary No. 05-1270.

Argued: May 1, 2007

Decided and Filed:  July 25, 2007

Before: PARSONS, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  David A. Freeburg, McFADDEN & FREEBURG CO. L.P.A., Cleveland, Ohio, for
Appellant.  Henry E. Menninger, WOOD & LAMPING LLP, Cincinnati, Ohio, for Appellee.  **ON
BRIEF:**  David A. Freeburg, McFADDEN & FREEBURG CO. L.P.A., Cleveland, Ohio, for
Appellant.  Henry E. Menninger, WOOD & LAMPING LLP, Cincinnati, Ohio, for Appellee.

---

**OPINION**

---

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. Accredited Home Lenders ("Accredited") appeals the entry of summary judgment by the bankruptcy court in favor of the Chapter 7 Trustee ("the Trustee") in an adversary proceeding in which the Trustee sought a determination of the validity and extent of Accredited's mortgage against the debtors' real estate, which was subject to the Ohio Land Registration Act. In granting summary judgment, the bankruptcy court found that Accredited's mortgage interest in the debtors' real estate ("the property") extends only to husband David Morgeson's one-half interest in the property, thereby reserving wife Tina Morgeson's one-half interest for the bankruptcy estate. For the reasons that follow, the bankruptcy court's decision is AFFIRMED.

## I. ISSUES ON APPEAL

The issue presented is whether the bankruptcy court erred in granting summary judgment in favor of the Trustee and finding that Accredited's mortgage interest extends only to David Morgeson's one-half interest in the property, despite a memorial on the certificate of title noting its mortgage against the present owner.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel ("BAP") of the Sixth Circuit has jurisdiction to hear this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). "A final order 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Belfance v. Bushey (In re Bushey)*, 210 B.R. 95, 98 (B.A.P. 6th Cir. 1997) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497 (1989)). The bankruptcy court's grant of summary judgment to the Trustee is a final appealable order reviewed *de novo*. *See In re Bushey*, 210 B.R. at 98. Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to,

the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

Summary Judgment is appropriate when "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Fed. R. Civ. P. 56(c). A material fact is that which is outcome-determinative. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). In order to prevail, the movant must prove all elements of the cause of action or defense. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). Once that burden is met, however, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Liberty Lobby,* 477 U.S. at 249-51; *60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S. Ct. 1348, 1356 (1986).

In cases such as this, where the parties have filed cross-motions for summary judgment, the court must consider each motion separately on its merits, since each party, as a movant for summary judgment, bears the burden to establish both the nonexistence of genuine issues of material fact and that party's entitlement to judgment as a matter of law. *Lansing Dairy  v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Markowitz  v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 n.6 (6th Cir. 1999). That both parties simultaneously argue there are no genuine issues of material fact does not in itself establish that a trial is not necessary, and that one party has failed to sustain its burden under Federal Rule of Civil Procedure 56 does not automatically entitle the opposing party to summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (1998).

### III.   FACTS

On August 31, 1999, husband and wife David and Tina Morgeson were granted a certificate of title to the real property commonly known as 9684 Kelso Court, Cincinnati, Ohio 45231,

certifying that they are the owners in fee simple of the property as joint tenants with rights of survivorship. The property is situated in Hamilton County, Ohio, and is subject to Ohio's Land Registration Act. The certificate of title was properly registered on the Torrens Land Title Register of Hamilton County.

On May 24, 2002, the Morgesons executed a mortgage in favor of Accredited Home Lenders, Inc. The mortgage document provides that "'Borrower' is David M. Morgeson and Tina M. Morgeson, husband and wife" and further provides that "Borrower is the mortgagor under this Security Instrument." (J.A. at 77.) David Morgeson signed the mortgage document, granting a mortgage on his full one-half interest in the property. Tina Morgeson also signed the document. Below Tina Morgeson's signature, however, was a notation stating "spouse, signing only to release her dower interest." The certificate of acknowledgment contained the same language, stating that Tina Morgeson was signing only to release her dower interest in the property.

The signed and acknowledged mortgage document was filed for record with the Hamilton Country Recorder and, thereafter, the Hamilton County Recorder placed a notation on the certificate of title for the property, as is required by Ohio Revised Code § 5309.48. This notation indicates that Accredited is the holder of a $106,200 mortgage against the "present owner" of the property.[1] The county recorder did not note on the certificate of title that Tina Morgeson had released only her dower interest.

On July 15, 2004, the Morgesons filed a voluntary petition for Chapter 7 relief in the United

---

[1] In setting forth the memorials of lesser estates and liens, the certificate of title states that "PRESENT OWNER [is] INDICATED WITH O." The certificate then sets forth a memorial of a mortgage in favor of Accredited as follows:

```
MORTGAGE
        DOCUMENT:        02-112947
        FAVOR OF:        ACCREDITED HOME LENDERS, INC.
                         SAN DIEGO, CA
        AGAINST:         (O) SECURES $106,200
```
(J.A. at 74-75.) Although indicating that the mortgage is against "present owner" appears ambiguous where there is more than one owner, Accredited, as well as the bankruptcy court, interpret this designation as referring to both owners. As it does not affect the Panel's ultimate decision in this case, the Panel will assume, for purposes of this appeal, that "present owner" refers to both David and Tina Morgeson.

States Bankruptcy Court for the Southern District of Ohio. An order for relief was entered and, thereafter, the Trustee, Appellee herein, filed a complaint against Accredited seeking to avoid Accredited's purported mortgage against Tina Morgeson's one-half interest in the property and to determine the validity and extent of Accredited's mortgage lien. Although brought under 11 U.S.C. §§ 544 and 547, the prayer for relief in the complaint asks for "such other and further relief as the court might deem to be just and proper." (J.A. at 11.) The parties filed cross motions for summary judgment. On August 31, 2006, the bankruptcy court granted the Trustee's motion for summary judgment and denied Accredited's motion for summary judgment.

The court found that Tina Morgeson's intent was to convey only her dower interest, and that the county recorder erred in noting on the certificate of title that both Morgesons were mortgagors. The bankruptcy court further found that the underlying mortgage document must be given effect despite the notation on the certificate of title. The bankruptcy court then concluded that Accredited's mortgage interest extended only to David Morgeson's interest in the property. Having found that no mortgage against Tina Morgeson's one-half interest was ever granted to Accredited, the bankruptcy court did not address whether a mortgage on her one-half interest was avoidable under § 544.

## IV.  DISCUSSION

The Ohio Land Registration Act, also known as Torrens law, creates a system by which title to land is registered, not recorded as under traditional recording laws. *See Weyandt v. Davis*, 112 Ohio App. 3d 717, 720 (1996). Under the Torrens system, the owners of registered land are issued a certificate of title, which contains a description of the registered parcel, along with memorials noting all liens, encumbrances and charges that bind the land.

The purpose of the Ohio Land Registration Act was "to create an absolute presumption that the certificate of registration in the registrar's office at all times speaks the last word as to the title, thus doing away with secret liens and hidden equities" and creating an indefeasible title, excepting only those claims and encumbrances noted therein. *Curry v. Lybarger*, 133 Ohio St. 55, 58 (1937). The certificate of title to registered land purports to show the exact state of title, and any liens or encumbrances not noted on the certificate of title are deemed unenforceable as to a bona fide purchaser. *See Kincaid v. Yount*, 9 Ohio App. 3d 145, 147 (1983); Ohio Revised Code § 5309.28.

If a lien or encumbrance is not noted on the certificate of title, the bona fide purchaser takes the property free of the encumbrance. Land registration is designed to provide notice to bona fide purchasers, not to notify owners of encumbrances against their land. *See Amrich v. Boyle*, 136 Ohio St. 325, 326 (1940). With this background in mind, the Panel addresses Accredited's arguments that the bankruptcy court erred in granting summary judgment to the Trustee and concluding that Accredited's mortgage extended only to David Morgeson's one-half interest in the property.

Accredited argues that the certificate of title must be given effect over the underlying mortgage document because it is the act of registering and memorializing the mortgage on the certificate of title that creates the property interest, not merely the execution of the mortgage as between the parties. Accredited relies on *Bavely v. Huntington Nat'l Bank (In re Cowan)*, 273 B.R. 98 (B.A.P. 6th Cir. 2002), and contends that the bankruptcy court erred when it considered the underlying mortgage document rather than the encumbrance memorialized on the certificate of title.

Accredited's reliance on *Bavely*, however, is misplaced. The facts of *Bavely* are not analogous to those under consideration here. In *Bavely*, Fifth Third Bank failed entirely to register its mortgage. *Id.* at 102. The subject property in *Bavely* straddled two parcels of land, one of which was registered land, the other of which was traditional, non-registered land. *Id.* Although Fifth Third had recorded the mortgage with respect to the non-registered land, it had failed to present the mortgage to the county recorder for notation on the certificate of title to the registered parcel. *Id*. The panel in *Bavely* held that Fifth Third did not hold a perfected security interest in the debtor's registered parcel because "no unregistered claim or interest shall prevail against a registered title taken bona fide for valuable consideration." *Id.* at 103.

The *Bavely* decision relies on the purpose of land registration, which is to protect a bona fide purchaser against unregistered encumbrances. Ohio courts have regularly upheld certificates of title as conclusive as to the state of title when the holder of an encumbrance seeks to enforce an unregistered charge against a third party who was without notice of the charge. *See Bavely*, 273 B.R. at 102-03; *Kincaid*, 9 Ohio App. 3d at 147; *Curry*, 133 Ohio St. at 59-60. However, land registration was not designed to aid a mortgage company in expanding contractual rights against either owners of registered land or bankruptcy trustees who stand as bona fide purchasers. Furthermore, the Panel has found, and Accredited has cited, no case that has permitted contractual rights to be expanded

when the certificate of title reflects a greater right than provided under the mortgage document.

The proposition that a certificate of title cannot reflect an encumbrance greater than that which the mortgage deed provides finds support in Ohio Revised Code §§ 5309.47 and 5309.48. Section 5309.47 provides, in relevant part:

> Whenever any registered land or interest therein is intended to be charged or made security in favor of any mortgagee, the mortgagor shall execute a mortgage deed. . . . Every mortgage deed and instrument of encumbrance shall contain a pertinent description of the land and *an accurate statement of the interest intended to be mortgaged,* charged, or encumbered, and when registered shall operate as a lien or charge upon and bind the land covered thereby for the period ending twenty-one years after the maturity of the last secured debt or obligation. (Emphasis added).

And § 5309.48 provides that the county recorder must, when a mortgage is filed, enter "a memorial accurately stating the purport and nature of the lien or charge created."

The Morgesons' certificate of title notes five charges, and the location of the instruments creating the charges. One charge is an easement against the property. Although the certificate notes the easement exists, the certificate does not give a description of the exact location or the use of the easement. Similarly, a prescriptive covenant binds the Morgesons' land. The certificate of title notes the covenant, but again, does not state how the covenant binds the land.

Although the Ohio courts have not interpreted the meaning of the word "accurately" as used in §§ 5309.47 and 5309.48, in practice, it appears that a memorial noting the existence of a lien or charge is accurate so long as it is properly identified (i.e. mortgage, easement, etc.) and the location of the recorded underlying document is correctly set forth so that a party may determine the extent of the lien or charge. Both the purport, or "meaning synthesized or synopsized," Merriam-Webster Third New Int'l Dictionary 1847 (1986), and the nature of the lien or charge are then accurately memorialized.

Accredited's reliance on Ohio Revised Code § 5309.77, which states that a mortgage instrument dealing with registered land takes effect only as a contract and as authority for presentation to the county recorder to place a memorial on the proper certificate of title, does not lend support to its position. Since the mortgage deed takes effect as a contract between the parties,

the deed must be interpreted according to Ohio contract law.

Tina Morgeson signed the document as "spouse, signing only to release her dower interest." The notary also signed the document, acknowledging that Tina Morgeson was signing only to release her dower interest. "In construing a written contract, the court's paramount objective is to ascertain and give effect to the parties' intention." *Rosepark Prop., Ltd. v. Buess*, 167 Ohio App. 3d 366, 375 (2006) (citing *Aultman Hosp. Assn. v. Cmty. Mut. Ins. Co.*, 46 Ohio St. 3d 51, 53 (1989)). The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life. Ins. Co.*, 31 Ohio St. 3d 130, syllabus ¶ 1 (1987). When contract terms are unambiguous, the courts will not, in effect, create a new contract by finding an intent not expressed in the clear contractual language. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St. 2d 241, 246 (1978). Since both the signature page and the notary page of the mortgage document stated that Tina Morgeson was signing only to release her dower interest, the clear language of the contract evidences Tina Morgeson's intent only to release her dower interest.

Nevertheless, Accredited contends that even if the underlying mortgage is considered, there is, at best, a dispute of fact as to Tina Morgeson's intent due to inconsistencies within the mortgage document itself. Specifically, Accredited points to language in the mortgage that defines "Borrower" as both David and Tina Morgeson. The mortgage then provides that "[B]orrower is the mortgagor under this Security Instrument." Accredited argues that these provisions are inconsistent with the typewritten notation below Tina Morgeson's signature that she signed only to release her dower interest. The Panel disagrees. A dower interest is an alienable interest that may be conveyed as security for a loan. *Cf. Standard Fed. Bank v. Staff*, 168 Ohio App. 3d 14, 23-24 (2006) (finding that a debtor's conveyance of dower rights through signing a mortgage became effective with the close of his bankruptcy case). Thus, naming Tina Morgeson as a mortgagor/borrower is not inconsistent with language limiting her conveyance to her dower interest only.

Further, Accredited was a party to the contract. Accredited failed to object to the language restricting the release of Tina Morgeson's one-half interest at the time the contract was executed. In opposing the Trustee's motion for summary judgment, it was incumbent upon Accredited to present some evidence that would rebut the presumption arising from the clear language of the mortgage instrument that Tina Morgeson's intent was only to release her dower interest. To the

extent that the certificate of title reflects a mortgage that encumbers the entire interests of both debtors, such is not evidence of Tina Morgeson's intent to encumber her full one-half interest because she was not responsible for placing that notation on the certificate.[2]  As stated above, the notation on the certificate of title serves to place bona fide purchasers on notice that the property is subject to an encumbrance.  The notation on the certificate of title does not serve to enlarge an encumbrance beyond the mortgage deed.

Accredited also argues that the bankruptcy court lacked jurisdiction to correct any error made by the county recorder because the time for appealing the action of the recorder had run.[3]  Accredited relies on Ohio Revised Code §§ 5309.43 and 5309.83, which authorize appeals to the Ohio court of common pleas by persons aggrieved by the county recorder's action.  Such persons "may, within three days thereafter, file with the recorder a written notice of intention to appeal, and shall, within ten days thereafter, file in the court of common pleas a petition setting forth the matter complained of . . . ."  Ohio Rev. Code § 5309.83.  However, as one Ohio court explained:

> While conferring upon [the county recorder] full power-judicial or otherwise-to render the initial decision as to what shall and what shall not appear upon the records of his office, the legislature carefully refrained from giving him the power to adjudicate the rights of the parties.  Under no circumstances does his decision preclude the assertion of a title. The claimant may appeal as provided in section 8572-79, General Code [now Ohio Revised Code § 5309.83], but is not required to do so in order to preserve his title. By section 8572-87, General Code [now Ohio Revised Code § 5309.91],[4] he may assert his title at any subsequent time by civil action as though no hearing had taken place before the recorder. All section 8572-79, General Code, does is to vest the recorder with administrative power and provide for a judicial review of his action.  And we are of the opinion that the limitation of time of notice to the recorder of intention to appeal was not imposed as a condition upon invoking the jurisdiction of the court, but rather as a provision to protect the recorder

---

[2]  It is not clear to the Panel that the memorial on the certificate of title stating that the mortgage is against the "present owner" means that it is against the entire interests of the present owners.  To the extent that "present owner" refers to both owners where the certificate of title reflects more than one owner, and where one owner conveys only a dower interest, as in this case, the mortgage is still against both owners' interests, although not both owners' *entire* interests.

[3]  As discussed in the previous footnotes, it is not clear that the county recorder actually did err by stating that the mortgage is against "present owner."

[4]  Section 5309.91 provides that "[a]ll charges upon registered land, or any interest in such land may be enforced as provided by law, except as provided by section 5309.02 to 5310.21."

and to enable him to efficiently administer his office. The action of the recorder in cancelling the memorial has none of the attributes of conclusiveness and finality under any circumstances that are the hallmarks of culminating judicial action. While imperfectly expressed and leaving much to implication, it seems that the purpose of the provision was to establish a continuity in the proceeding and thereby prevent the intervention of the rights of innocent transferees that might take place before a lis pendens could be created by recourse to the ordinary remedies. . . . To hold that failure to file notice within three days was intended to close the door to the court by appeal and at the same time leave every other approach to the court open would seem to be attributing to the legislature an intent contrary to the general spirit of the land registration law.

*Pa. R.R. Co. v. Kearns*, 71 Ohio App. 209, 212-213 (1943). Thus, the fact that the Morgesons did not file a notice of intention to appeal followed by a petition in common pleas court does not preclude the Trustee from asserting Tina Morgeson's rights in the property. The Bankruptcy Code clearly confers jurisdiction on the bankruptcy courts to determine property of the bankruptcy estate. 28 U.S.C. §§ 1334(a) and 157(b); *see Burks v. ABN AMRO Mortgage Group, Inc. (In re Price)*, No. 06-1158, 2007 WL 1429137, *1 (Bankr. S.D. Ohio March 14, 2007) (finding that, in challenging the validity of an underlying mortgage against registered land, the trustee is not required to initiate a proceeding in state court and that the bankruptcy court has jurisdiction to determine the validity of liens on property of the estate).

## V.   CONCLUSION

Accredited's claim that the certificate of title is conclusive over the underlying mortgage document, thus extending its mortgage to both debtors' one-half interests in the subject property, is without merit. Ohio's Land Registration Act protects bona fide purchasers from "hidden liens and secret equities." *Curry*, 133 Ohio St. at 158. The Act does not permit a mortgage company to expand its interest in property beyond the mortgage document. Therefore, the mortgage document determines the actual interest held by Accredited, and because the clear language in the mortgage document reflects Tina Morgeson's intent only to release her dower interest, Accredited's interest extends only to David Morgeson's one-half interest in the property. The bankruptcy court's decision is, therefore, AFFIRMED.