Common Pleas Court of Hamilton County.

WELLER V. SHAFER ET AL.

Decided January 8, 1932.

Cramer & Gordon, for plaintiff.
William Walker Johnson, for H. L. McClure.

DARBY, J.

This is an action to marshall liens at the suit of the plaintiff against Charles Shafer and wife, the principal defendants, who were the owners of the property involved, and other persons who were lienholders.

The only question in the case is as to the validity of a mortgage of the Shafers to Howard D. Glascock, which was subsequently assigned to the defendant H. L. McClure.

The pertinent facts are, that on or about September 16, 1930, the Shafers, as owners of the property, mortgaged it to Glascock for $1,225.00. Shafer had acquired his title under Certificate No. 3580 of the Registered Land Records of this county, he having purchased according to said certificate, from Glascock.

The mortgage is in regular form, and sets forth in full a copy of the note secured to be paid by it, which was signed by the Shafers. The execution of the mortgage is without fault, having been signed by the Shafers, and their signatures properly witnessed.

The certificate of the notary public however, sets forth that the mortgage was acknowledged before him by Glascock, the grantor. The mortgage was immediately recorded, and included in the certificate of ownership.

In connection with the deed is an affidavit (a certified copy of which has been offered in evidence), made by the notary public, in which he on oath says that the mortgage was acknowledged by Shafer and his wife, and not by Glascock, and that the insertion of Glascock's name as the grantor was by mistake. That affidavit was filed October 21, 1930, and at the same time there was registered the assignment of the mortgage to McClure.

Within the next month after the filing of the affidavit referred to and the assignment to McClure, a caveat was filed by the Sewer Pipe Company, and some months later its mechanics lien was filed. Other defendants, materialmen, filed their liens in 1931.

It is the claim of the plaintiff that the acknowledgement is not in accordance with General Code Section 8510, and that the supposed mortgage is not valid under general law or under the provisions for the registration of land titles.

McClure, the defendant, on the other hand claims that the insertion of Glascock's name as grantor was a plain mistake of the stenographer, and therefore may be corrected, or if that has not been done, that this court at this time will give effect to the instrument as it was understood between the parties as a valid mortgage, and that subsequent lienholders hold their liens subject to the mortgage.

The court has undertaken to examine with care the claims of the parties respectively.

Had any of the lienholders examined the title to this property, the examination would have revealed the existence of the mortgage, the borrowing of money, execution of the note, due execution of the mortgage by the Shafers, and it would also have revealed the mistake in naming the grantor who acknowledged it before the officer, and on the certificate of title they would have been put on notice of the existence of such a mortgage.

It is to be gathered from the pleadings in the case and the evidence offered in support of them, that immediately after the execution of the mortgage, preparations were made for the erection of a house on the property by the Shafers.

It seems too narrow a view of the situation to say that where a mortgage was of record as this was, and inserted in the certificate of title as this was, that any of the lienholders could have been misled in any way as to the acknowledgement of the instrument by the mere insertion of the name of Glascock. Any one carefully examining the instrument would have known that Glascock was not the grantor but the grantee, and the insertion of the word "grantor" in the certificate of the notary in itself would be notice of a mere mistake.

The question comes to this: Shall one who has in good faith loaned money on a mortgage, which has been properly executed by the parties, be defeated of his claim by a palpable mistake in the certificate of acknowledgement? In a court of equity it would seem that this cannot be. The lienholders are in no worse position than had the acknowledgement clause recited the acknowledgement by the actual grantors.

The attention of the court has been called to the case of *Wood* v. *Cochrane*, 39 Vt., 544, in which the facts are similar to those in this case save in one very important and determinative particular. In that case a mortgage was given by Cochrane to Samuel F. Wood, who willed the mortgage and notes to his wife, the plaintiff. The certificate of the magistrate who took the acknowledgement shows as follows:

"Middlesex, ss. Lowell, March 10, 1843. Then the above named Samuel F. Wood acknowledged the above instrument to be his free act and deed before me ———— J. P."

The court in that case calls attention to the fact that there was nothing to indicate a mistake, that the instrument showed without question that Wood did make the acknowledgement, and that being the case there was no opportunity of correcting an error, but the Court says on page 549:

"If the certificate had been in the usual form in this state, that is that 'S. F. W. the signer and sealer of the foregoing instrument' etc., or 'the person known to me as the signer' etc. there would have been something to show that it was in fact the grantor who had acknow-

ledged, and something on which the court could rely in correcting the error by construction. In looking into the deed we see that Cochrane is the man who should have acknowledged it, but there is nothing to show that he did. The fact that he ought to have done it is hardly sufficient to warrant us in saying that he did, especially when the certificate of the magistrate shows affirmatively that it was another man. Whether an error was committed in writing the name of the man who acknowledged, or in taking the acknowledgment of the wrong man by mistake is a question that cannot be determined by anything that appears either on the face of the certificate or the deed."

As further stated by the Court in that case on page 548:

"Now in looking at this certificate, it is not apparent that any mistake has been made. There is nothing in the certificate to indicate whether it was the grantor or the grantee who acknowledged the deed *except the name itself.*"

In the instant case the certificate does recite that the acknowledgement was made by the grantor, but the wrong name is inserted, and this the Vermont Court says is "something on which the court could rely in correcting the error by construction."

It may be that the affidavit filed by the notary public and included in the certificate of title is not in and of itself sufficient evidence to justify the court in finding that the actual acknowledgement was by the Shafers, and that evidence should be offered upon that subject.

The opinion of the court is that on equitable grounds it was and is open to the defendant McClure to prove that the acknowledgement was made by the Shafers, and as the affidavit is included in the certificate, it is some evidence to support that claim, especially in view of the fact apparent on the face of the mortgage, that the wrong name was inserted as the grantor.

The court attaches no importance to the fact that the word "grantor" is in the singlar, as that would always be open to explanation if important.

The opinion of the court is that the defendant McClure has a valid mortgage upon the premises involved.