Matthias, J.
 

 In the consideration of the issue presented, it is only necessary to state that the certification of assessments' in question, which the recorder had refused to receive and record, was based upon assessing ordinances or resolutions attempting to levy assessments upon the registered lands described in the petition passed in the years 1926, 1928 and 1929. No notice thereof was filed or presented or attempted to be filed or presented to the county recorder until October 30, 1936. The special assessments against the several premises affected thereby were levied'pursuant to proceedings duly had by the Board of County Commissioners of Cuyahoga county to defray the estimated cost and expense of construction of certain water and sewer improvements.
 

 Each of the several tracts of land involved had been duly registered under the law commonly referred to as the Torrens Title Act. This law was originally enacted in 1913 and is entitled, “An act to provide for the settlement, registration, transfer and assurance of land titles and to simplify and facilitate transactions in real estate. ’ ’
 

 The only purpose sought to have accomplished by. the proposed action of the recorder is the creation of a lien upon the registered lands in question. A vain thing will not be required to be done; hence, the single question presented is whether a lien would be created
 
 *57
 
 against such registered lands by action of a county recorder in receiving and filing notice of tbe passage of legislation levying assessments and noting a memorial thereof upon each of the certificates of title covering the respective premises more than seven years subsequent to the enactment of such legislation.
 

 At the time of the special assessments involved in this action, Section 8572-56, General Code, in its material and essential parts, read as follows:
 

 “When * * * an ordinance, resolution or order is passed or made * * * to * * •* construct or repair a highway, road, street, sidewalk, drain or sewer, or to make any other public improvement * * * the whole or a portion of the expense of which may be assessed or levied upon real estate, if any registered land or any land included in an application for registration then pending is affected by the act or proceeding, and liable to such assessment * * * the clerk of the board or council passing such ordinance * * * shall file in the recorder’s office a notice of the passage or issuance thereof giving a list of the lands assessed, or to be assessed and a memorial thereof shall thereupon be noted by the recorder on the register of each certificate of title for such land. Unless there is filed with the recorder such notice and list of lands, registered lands shall not be liable for such assessments.”
 

 The so-called Torrens Title Law was enacted in 1913 and embraced the above section substantially as there written. There was no amendment of that section until 1933, when a specific limitation upon filing with the recorder was fixed by the following amendment: “Unless there is filed with the recorder within ninety days after the passage or issuance of such ordinance, resolution or order such notice or list of lands, registered land shall not be liable for such assessments.” On April 29, 1937, Section 8572-56, General Code, was repealed. At the same time, Sections 8572-25 and 8572-89, General Code, were so amended as to include
 
 *58
 
 taxes and assessment liens within the exceptions not covered by a Torrens certificate.
 

 We are concerned in this case with the construction, application and effect of the provisions of the statute only as it existed at the time the assessments in question were sought to be imposed upon the registered land involved in this1 action; for obviously the subsequent amendment and later repeal of those provisions cannot affect the issue here presented except in so far as such action may reflect upon the legislative intent.
 

 The purpose of the so-called Torrens system is interesting and important. It has thus been stated in 5 Thompson on Real Property, 192, Section 4154: “The objects of the system are the creation of an indefeasible title in the registered owner, simplification in the transfer of land, certainty and facility in the proof of title by reference to a certificate issued by a government official made conclusive by law and finally the saving to the community of the cost of a new examination of title in connection with each transfer or transaction affecting the land. * * * ‘ One of the primary and fundamental purposes' of the registration of land under the Torrens system is to secure to the owner an absolute, indefeasible title, free from all incumbrances and claims whatsoever, except those mentioned in the certificate of title; and, so far as it is possible, to make the certificate issued to the owner by the court, absolute proof of such title.’ ”
 

 A very concise and pertinent statement of the purposes of the system is that of the Supreme Court of Washington in the case of
 
 Brace
 
 v.
 
 Superior Land Co.,
 
 65 Wash., 681, 688, 118 P., 910, which is as follows:
 

 “Our construction of this section is in keeping with the obvious purpose of the Torrens' Act to create an absolute presumption that the certificate of registration in the registrar’s office at all times speaks the last word as to the title, thus doing away with secret liens and hidden equities. This is accomplished by .the
 
 *59
 
 simple plan of making the act of conveyance and the fact of notice by record simultaneous in performance and effect. The Torrens system makes this simultaneous quality inevitable by making both conveyance and notice of record performable, -and performable only, by the one act of registration. This is the distinctive feature, the vital, principle of the Torrens system. It is the very essence of the plan. For the courts’ to refuse to recognize and enforce it would be to emasculate the law and, by construction, make it not the Torrens system of land titles, but a mere change in the
 
 form
 
 of the record, a mere modification of the recording act.”
 

 The Torrens Act, therefore, cannot be treated as a mere modification of the recording act. Among other things, it specifies the procedure essential to the vesting of assessment liens upon registered land, and in that respect the language employed is clear and mandatory. The authority to levy special assessments is conferred only by- statute, and the validity of such assessments is conditioned upon compliance with the requirements of those statutory provisions. Additional requirements are prescribed by the provisions of the Torrens Act and made prerequisite to a valid imposition of such lien upon registered land.
 

 It is fundamental that all statutes imposing taxes and public burdens of that nature are to be strictly construed and any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed. The statute in question here requires that
 
 when
 
 an ordinance, resolution or order is passed of made to make any public improvement, a portion of the expense of which is to be assessed upon real estate, and any registered land is affected thereby and liable to such assessment, notice
 
 shall
 
 be filed, and shall
 
 thereupon
 
 be noted by the recorder on the register ; and further provides that, unless such notice is filed, “registered lands
 
 shall not
 
 be liable for such
 
 *60
 
 assessments.” (Italics ours.) Concededly, this mandatory requirement was not complied with.
 

 The fair and reasonable construction of the language employed in considering the purpose sought to be accomplished by the Torrens Act, requires prompt action in the filing of the notice specified to perfect an assessment lien upon registered land. A fundamental principle of statutory construction requires that statutes be given a fair and reasonable construction in conformity to their general object in order to effectuate the purpose of their enactment; and here it is expressly provided that the act be construed liberally for the purpose of effecting its general intent. That very object and purpose would be thwarted and defeated by requiring the recorder to now'accept and file notices of such assessments. It would be tantamount to repeal by judicial construction of statutes fixing clear and definite prerequisites to the vesting of assessment liens, and doing so several years subsequent to the time when action should have been taken to perfect liens upon registered lands. 1
 

 As heretofore observed, the statutory provision involved in this case has but recently been repealed by the General Assembly, which is' the branch of the government which has such authority; but obviously the issue in this case is not affected by that repeal. It follows that the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas was in all respects correct and is therefore affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.