Zimmerman, J.
 

 It is said in the case of
 
 Dillon v. Broeker,
 
 178 N. C., 65, 100 S. E., 191, that the purpose
 
 *555
 
 of the Torrens Act is to secure by decree of court a title to land impregnable against attack, to make a permanent and complete record of the exact status of the title, with all liens, encumbrances and claims against it, and to protect the registered owner against all claims or demands not noted on the book for the registration of titles.
 

 Section 8572-56, General Code, as effective until August 18, 1937, applies to these controversies. If. provided:
 

 “When in a city * * * or county, an ordinance,, resolution or order is passed * * * to make any * * ® public improvement * * * the whole or a portion of the expense of which may be assessed or levied upon real estate, if any registered land * * * is affected * ® * the clerk of the board or council passing such ordinance, resolution or order * * * shall file in the recorder’s office a notice of the passage or issuance thereof, giving a list of the lands assessed * * * . Unless there is filed with the recorder, within ninety days after the passage or issuance of such ordinance, resolution or order, such notice or list of lands,
 
 registered lands shall not be liable for such assessments.”
 
 (Italics ours.)
 

 In the case of
 
 Curry et al., Commrs.,
 
 v.
 
 Lybarger, Recorder,
 
 133 Ohio St., 55, 11 N. E. (2d), 873, this court had occasion to interpret and apply Section 8572-56, General Code. The second paragraph of the syllabus holds:
 

 “Under the provisions of Section 8572-56, General Code (prior to its repeal effective August 18, 1937),. it was essential that a notice of the passage of an ordinance or resolution providing for a public improvement, the expense of which was to be levied on real estate, and a list of the lands assessed or to be assessed be promptly filed with the county recorder as a prerequisite to the imposition of a valid assessment lien upon lands registered under the Torrens Act.”
 

 
 *556
 
 Later, in the case of
 
 Shaker Corlett Land Co.
 
 v.
 
 City of Cleveland,
 
 139 Ohio St., 536, 41 N. E. (2d), 243, the rule was laid down in the first paragraph of the syllabus that:
 

 “Under Section 8572-56, General Code (repealed 117 Ohio Laws, 480), an owner of lands registered under the Torrens Act who does not petition for or otherwise participate in securing improvements thereon, is entitled to an injunction against the collection of a special assessment levied to pay the cost thereof, when there has been a failure to file notice of the assessment and list of assessed lands with the county recorder for memorialization upon the certificate of title.”
 

 On the other hand, this court has taken the position that an owner of registered lands who has petitioned for improvements, and the purchaser of such lands from the owner, with knowledge of the installation of the improvements, the assessment, its certification to the county treasurer and its non-payment, are equitably estopped from obtaining injunctive relief against the collection of the assessments, notwithstanding the failure to file notice of the assessments and a list of the assessed lands with the county recorder.
 
 Amrich
 
 v.
 
 Boyle, Treas.,
 
 136 Ohio St., 325, 25 N. E. (2d), 850;
 
 Shaker Corlett Land Co.
 
 v.
 
 City of Cleveland, supra.
 

 The appellants herein now insist that we go still further. They contend that the provisions of Section 8572-56, General Code, requiring the filing of notice and the list of assessed lands, should be adjudged to apply only to those owners of registered lands who have been prejudiced by the failure to file, and that protection should not be extended to owners who have in no way been misled or injured and whose property has been benefited by the improvements.
 

 To accept such contention it would be necessary to ignore the plain language of Section 8572-56, General
 
 *557
 
 Code, and to reverse the holdings in the
 
 Lybarger
 
 and
 
 Shaker Corlett Land Company
 
 cases. This we are unwilling to do.
 

 From a practical standpoint it does seem unfair that other property owners must bear an added burden through the neglect to bring registered lands within the operation of assessments levied against them, but we can discover no legal basis to rectify the in-' justice. One’s attitude toward the Torrens Act is beside the point. So long as Section 8572-56, General Code, remained the law, it was entitled to recognition and observance.
 

 There being no error in the judgment of the Court of Appeals, that judgment is affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart and Williams, JJ., concur.
 

 Weygandt, C. J., Bell and Turner, JJ., dissent.