THE STATE, EX REL. GUTTMAN, APPELLANT, *v.* HELD,
HAMILTON COUNTY RECORDER, APPELLEE.

(No. 76-1334—Decided June 8, 1977.)

162

*Messrs. Moskowitz & Mezibov* and *Mr. Marc D. Mezibov,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. James W. Harper,* for appellee.

*Per Curiam.* The issue raised by the relator is not ripe for determination. The recorder has not taken action with regard to the objection raised by Kaiser-Aetna to the recording of the relator's affidavit and attachments. The only thing the recorder has done is to refer this matter to an examiner of titles which was within his prerogative under R. C. 5309.43.

If the recorder follows the recommendation of the title examiner, he will strike the relator's affidavit and attachments. He could, however, pursuant to R. C. 5309.43, refer this matter to the Common Pleas Court for resolution.

If the recorder does the former, the relator has a remedy by way of appeal to the Court of Common Pleas under R. C. 5309.83 which provides, in pertinent part, that:

"Any person feeling himself aggrieved by the action, finding, or decision of the county recorder, or by his refusal to act, in any matter pertaining to the first registration of land, or any subsequent transfer, or charge, lien, interest, or estate in or upon such land, or by the recorder's filing, failing, neglecting, or refusing to file any instrument, or entering or canceling or failing, neglecting, or refusing to enter or cancel any memorial or notation, or by his wrongfully doing, or by his failing, neglecting, or refusing to do any other thing required of him by Sections 5309.02 to 5310.21, inclusive, of the Revised Code, may, within three days thereafter, file with the recorder a written notice of intention to appeal, and shall, within ten days thereafter, file in the Court of Common Pleas a petition setting forth

the matter complained of and making the recorder and other persons whose interest may be affected, parties defendant, who shall be notified by summons or other process as provided by law in civil actions, or by registered mail and other process as provided in cases of original registration. * * *"

Should the relator not get his hoped-for relief from the Common Pleas Court, he can proceed to the Court of Appeals under R. C. 5309.84.

If the recorder elects to have this controversy referred to the Common Pleas Court, under R. C. 5309.43, and that court rules adversely to the relator, an adequate remedy at law is available to relator through the ordinary appellate process since the order of that court "* * * shall be final."

For reason of the foregoing, the judgment of the Court of Appeals dismissing the petition for a writ of prohibition is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.