PER CURIAM.
At issue in this appeal from the Bankruptcy Appellate Panel is proper disposition of the proceeds from the sale of a piece of property that consisted of two contiguous parcels, title to only one of which had been conveyed in what the parties refer to as the “traditional” recording system. The other portion of the property was registered land, over which a dispute arose because the creditor, Fifth Third Mortgage Company, had not properly recorded its mortgage on the registered par *798 cel’s certificate of title, as required by Ohio law. When the property became part of the bankruptcy estate, the Chapter 7 trustee sought to avoid the mortgage on the registered parcel, pursuant to Bankruptcy Code § 544, or, alternatively, to have the court declare that the trustee held clear title to the entire property. The bankruptcy court granted the trustee’s motion, holding that he could avoid Fifth Third’s lien. The Appellate Panel affirmed summary judgment in favor of the trustee, but on alternate grounds, holding that the mortgagee had failed to perfect its interest in the registered parcel and that there was, as a result, no interest to be avoided.
Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the Bankruptcy Appellate Panel erred in affirming the bankruptcy court’s opinion. Because the reasons why judgment should be entered for the trustee have been fully articulated by the Panel, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the Bankruptcy Appellate Panel upon the reasoning set out by that court in its opinion in Bavely v. Huntington National Bank (In re Cowan), 273 B.R. 98 (6th Cir.BAP2002).