**In re James S. and Ann L. PRICE, Jr., Debtor(s)**

**Margaret A. Burks, Trustee, Plaintiff**

**v.**

**ABN AMRO Mortgage Group, Inc. Defendants.**

Bankruptcy No. 04–13555.
Adversary No. 06–1158.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 14, 2007.

Henry D. Acciani, Cincinnati, OH, for Debtors.

Francis J. DiCesare, Cincinnati, OH, for Plaintiff.

Eugene H. Johnson, Todd J. Flagel, Flagel & Papakirk LLC, Cincinnati, OH, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on Defendant ABN AMRO Mortgage Group's ("ABN AMRO") motion for summary judgment (Doc. 14), Plaintiff–Trustee's response (Doc. 17), ABN AMRO's reply (Doc. 18), and the Trustee's sur-reply (Doc. 19).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

This matter involves a mortgage that both the Debtors and the Chapter 13 Trustee contend to be invalid based on the allegation that the notary public was not present at the closing. That question of fact is set to be heard at a trial scheduled for April 3, 2007. In the instant motion for summary judgment, ABN AMRO contends that because the property is registered land, and because its mortgage is noted on the certificate of title, that the Trustee had notice of the mortgage and, therefore, that the mortgage can not be avoided by the Trustee as a bona fide purchaser.

Summary judgment is appropriate when the pleadings, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056.

Citing Ohio Revised Code § 5309.49, ABN AMRO contends that a mortgage on registered land need only contain a "pertinent description of the land" and an "accurate statement of the interest sought to be mortgaged." Implicit is the further contention that, when registered land is involved, the mortgage acknowledgment requirements set forth in § 5301.01 are inapplicable. We disagree.

The primary purpose of registered land is to eliminate "secret liens and hidden equities." *Curry v. Lybarger*, 133 Ohio St. 55, 11 N.E.2d 873 (1937). Thus, all liens and other interests on and in registered land are to be noted on a certificate of title. The primary purpose of the need for an acknowledgment on a mortgage [1] is to ensure that the person signing the mortgage is indeed the person to whom the mortgage obligation runs. This latter need is not eliminated when the property sought to be mortgaged is registered land. Thus, we conclude that a mortgage on registered land must also comply with the acknowledgment requirements set forth in § 5301.01.

Contrary to ABN AMRO's contention, *In re Cowan*, 273 B.R. 98 (6th Cir. BAP2002), *aff'd* 70 Fed.Appx. 797 (6th Cir. 2003), does not support its position. Rather, *In re Cowan* stands for the proposition that when registered land is involved, the doctrine of constructive notice does not apply so as to "save" a mortgage that while recorded at the recorder's office, is not noted on the certificate of title.

In its reply, ABN AMRO contends that pursuant to Ohio Revised Code § 5309.03, the certificate of title for registered land "shall be conclusive as to all matters contained in it." ABN AMRO has correctly stated the statute. However, a notation on the certificate does not correct any defects in the mortgage itself. Nor is the Trustee required to initiate a proceeding in state court under Ohio Revised Code § 5309.43. First, the Trustee is challenging the validity of the underlying mortgage, not the

---

1. And, under prior state law, the need for two    witnesses.

certificate of title. Second, this Court clearly has the jurisdiction to challenge the efficacy of liens on property of the estate.

Accordingly, ABN AMRO's motion for summary judgment is hereby DENIED.

This matter will proceed to trial on the previously scheduled trial date of April 3, 2007.

IT IS SO ORDERED.